UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| PERFECT CURVE INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. _____ |
| ) | |
| HAT WORLD, INC., ) | |
| ) | |
| Defendants. ) | |
| ) | |

## COMPLAINT

This is an action under federal law for patent, trade dress, trademark, and copyright infringement and for unfair competition in violation of the Lanham Act; and under Massachusetts law for unjust enrichment, unfair competition, and violation of Mass. Gen. Laws c. 93A.

Since 1994, Plaintiff Perfect Curve Inc. ("Perfect Curve"), has designed and marketed a variety of accessory products for baseball caps, including storage and cleaning products. In 1995, Perfect Curve began to supply several of its products to Defendant Hat World, Inc. ("Hat World") for resale at retail outlets throughout the United States. Between 1995 and 2011, Hat World and Perfect Curve generated millions of dollars in revenue from the sale of Perfect Curve products.

In September 2011, Hat World abruptly terminated its business relationship with Perfect Curve. Within a matter of months, Hat World began to stock its retail stores with products virtually identical to those previously provided by Perfect Curve. One of these Hat World

products infringes a patent owned by Perfect Curve on its "Cap Rack" products.  Hat World not only copied Perfect Curve's product line, but deliberately designed its products and the packaging for such products to be confusingly similar to those of Perfect Curve.  It also produced and distributed near word-for-word copies of Perfect Curve's copyrighted instructional literature, including a guide for the care and cleaning of caps.  Hat World, in short, has engaged in wholesale piracy of Perfect Curve Inc.'s valuable and protected intellectual property.  Perfect Curve brings this lawsuit for damages and injunctive relief in order to redress these wrongful acts.

### Parties, Jurisdiction and Venue

1.      Plaintiff Perfect Curve Inc. is a Delaware corporation with its principal place of business at 200 Lincoln Street, Boston, Massachusetts.

2.      Defendant Hat World, Inc. is a Minnesota corporation with its principal place of business at 7555 Woodland Dr., Indianapolis, Indiana.  Since 2004, it has been a subsidiary of Genesco, Inc.  Hat World owns and operates approximately 1,000 stores, the majority of which operate under the business name "Lids."  These stores are mostly mall-based retailers specializing in caps that feature the logos of college, professional, and other sports teams, as well as ancillary products.

3.      This infringement action arises under the patent, trademark, and copyright laws of the United States.  Accordingly, this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 (action arising under the laws of the United States); 15 U.S.C. § 1121 (actions arising under the Lanham Act); and 28 U.S.C. § 1338(a) (action arising under an Act of Congress relating to copyrights and trademarks).  The Court has jurisdiction over Perfect

Curve's state law claims pursuant to 28 U.S.C. §§ 1367 (supplemental jurisdiction), and § 1332 (diversity jurisdiction).

4.     Defendant Hat World, Inc. resides in this judicial district because it advertises and does business in the Commonwealth of Massachusetts.  Venue in this judicial district is proper under 28 U.S.C. §§ 1391(b) and 1400(a) and (b).

## Facts

A.   The Business of Perfect Curve

5.     Since 1994, Perfect Curve has engaged in the development and sale of products related to the care and storage of baseball caps.  Perfect Curve sells its products in interstate commerce both directly, (online and by mail order), and through national and international retailers and distributors.  These products include the following:

a.     A patented "Cap Rack" used for storing, displaying and organizing caps (See Exhibit A).  Perfect Curve is the owner of United States Patent No. 6,223,910 ("the Patent"), entitled "Device for storing and displaying caps."  The Patent is attached as Exhibit B.  The Cap Rack provides a method of storing baseball caps using specially-designed plastic clips attached to a polypropylene cord.  Perfect Curve's Cap Rack, which is available in several different sizes, can be hung in a closet, from the top of a door, on a wall, or from a ceiling.  The Cap Rack is sold in distinctive packaging.  (See Exhibit C);

b.     A "Head Case" made from EVA foam for storage of up to six caps (see Exhibit D; "Head Case" tag, Exhibit E);

c.     A Cleaner and Deodorizer containing 4.25 fluid ounces of clear liquid dispensed by means of a spray pump (see Exhibit F); and

d.      A Water & Stain Repellent" containing 7.5 fluid ounces dispensed by

means of an aerosol spray can (see Exhibit G).

6.      On May 1, 2001, the United States Patent and Trademark Office ("PTO") issued

the Patent (Exhibit B) to the Inventors named on the first page of the patent. The Inventors

thereafter assigned all of their right, title and interest in and to the Patent to Perfect Curve.

Perfect Curve's Cap Rack products incorporate features that are covered by claims in the Patent.

7.      Perfect Curve produces a two-page instructional guide for distribution with its

Cap Rack products. This Cap Rack Instructions document (attached as Exhibit H) consists of

text in English, French and Spanish together with numerous illustrations. Perfect Curve also

produces a "CapCare Guide" that provides advice concerning the care and cleaning of caps and

the use of Perfect Curve's cap maintenance and cleaning products. (A copy of the CapCare

Guide is attached as Exhibit I). Both the Cap Rack Instructions and the Cap Care Guide were

registered with the U.S. Copyright Office on May 16, 2012, Registration Nos. TX 7-522-822 and

TX 7-522-813, respectively. (Exhibits J and K).

B.      Perfect Curve's Relationship with Hat World

8.      From 1995 to 2001, Perfect Curve was the primary supplier of cap care and

storage products to Hat World for sale in Hat World retail outlets throughout the United States.

In 2001, Hat World acquired a competing retailer named Lids, Inc., thereby expanding its

operations to hundreds of additional stores, including approximately 15 in Massachusetts. Hat

World continued to utilize Perfect Curve as its supplier of products for resale in "Lids" retail

stores. On information and belief, "Lids" is currently a division of Hat World, Inc.

9.      During the period of the parties' business relationship, Perfect Curve and Hat

World collaborated to promote the sale of Perfect Curve's products. At Hat World's request,

Perfect Curve reviewed weekly sales figures, per store and per item, to determine if Hat World's stores were reaching the parties' shared goals for sales of Perfect Curve products. Perfect Curve would then report the results of its analysis to Hat World.

10.    As is common in the industry, Perfect Curve provided a portion of its products under "private label" to Hat World. In so doing, Perfect Curve included its name on the product and/or on the tag attached to the product and the instruction materials included with the product. See Ex. E (Tag for Head Case under private label, Hat World/Lids); Ex. F (cleaner + deodorizer); Ex. G (water + stain repellent). In that way, Perfect Curve accommodated Hat World's wish to sell products under its own private label while, at the same time, making it known to the end user that the product originated with Perfect Curve, as designer and supplier. Moreover, at all times Perfect Curve maintained oversight and control over the production, quality, and appearance of its private label products in order to preserve the goodwill it established with the Perfect Curve brand.

11.    In 2005, Hat World and Perfect Curve entered into negotiations for a possible acquisition of Perfect Curve. The parties understood that all information provided by Perfect Curve would be used only for purposes of the contemplated transaction, and not for any competitive purpose. Perfect Curve provided Hat World with detailed financial data and proprietary information pertaining to its profit margins, business strategy, and customer base. In early 2006, Hat World offered to purchase Perfect Curve, but the parties were unable to agree on the purchase price.

12.    After the acquisition negotiations ended, Perfect Curve continued as Hat World's primary supplier of cap care and storage products.

13.     Until 2011, Hat World ordered Perfect Curve  products throughout the year, generally on a quarterly basis and otherwise as needed.  In early 2011 Hat World changed this practice and placed all of its orders in the first half of the year.

14.     On September 29, 2011, Hat World summarily notified Perfect Curve that it was terminating the parties' business relationship and would no longer purchase Perfect Curve products.  Hat World did not inform Perfect Curve that it was in the process of arranging for the manufacture of products substantially identical to Perfect Curve's products for sale in its Lids stores.

C.      Hat World Infringes Perfect Curve's Intellectual Property

15.     In January 2012, Perfect Curve became aware that Hat World was marketing and selling an entire line of hat care and storage products that are substantially identical in packaging, appearance, and design to Perfect Curve's products.  Exhibits A, C, D, F and G, attached to this Complaint, depict both the Perfect Curve products and the corresponding Hat World Products. Those exhibits also provide an annotation of certain common elements between each pair of corresponding products.

16.     Hat World's manufacture, use, sale, and offer for sale of the product called the "Cap Collector15" directly infringes the Patent.

17.     Hat World is reproducing and distributing an instruction manual for its "Cap Collector15" and a "care guide" that directly infringe Perfect Curve's copyrights in the Cap Rack Instructions and the Cap Care Guide.  Both of Hat World's publications are essentially word-for-word copies of Perfect Curve's copyrighted works.  Copies of Hat World's infringing works are attached hereto as Exhibits L and M.

18.     Hat World has marketed its Cap Collector15 in packaging and with a name that are intended to confuse consumers as to the origin of the product, and to trade on the reputation of Perfect Curve's Cap Rack.  (Exhibit C).  Perfect Curve has a unique and protectable trade dress in its products and product designs, and trademark rights in the Cap Rack names.  The Cap Collector 15 infringes Perfect Curve's protected trade dress and trademark for its Cap Rack.

19.     Hat World's Cap Collector15 product is of inferior quality to Perfect Curve's Cap Rack.  On information and belief, the other Hat World products are also of inferior quality to the corresponding products marketed by Perfect Curve, and the consumer confusion engendered by Hat World's actions has damaged Perfect Curve's reputation.

20.     Hat World is selling a product for the storage of caps, called "Lids Luggage," that is a direct and intentional copy of Perfect Curve's distinctive design for its "Head Case" product. (Exhibit D).  The Lids Luggage product infringes on Perfect Curve's protected trade dress.

21.     Perfect Curve has suffered damages from Hat World's actions in an amount not yet determined.  The injuries and damages sustained by Perfect Curve have been directly and proximately caused by Hat World's conduct, and such damages are irreparable.

### COUNT I

(Infringement of U.S. Patent No. 6,223,910)

22.     Perfect Curve incorporates by reference the above paragraphs as if fully set forth herein.

23.     Defendant Hat World, through its manufacture, use, offering for sale, sale, and/or importation of its "Cap Collector15" product, has infringed the Patent directly, contributorily and/or by inducing others to infringe in this judicial District and elsewhere.

24.     Defendant Hat World has known of the Patent since at least 2005.

25.     Defendant Hat World's infringement of the patent is willful, wanton, and in deliberate disregard of Perfect Curve's rights under the Patent.

26.     Perfect Curve has been damaged by Defendant Hat World's infringement in an amount to be determined at trial under 35 U.S.C. § 284.  Perfect Curve is entitled to permanent injunctive relief pursuant to 35 U.S.C. § 283, and attorneys' fees under 35 U.S.C. § 285.

## COUNT II

### (Copyright Infringement)

27.     Perfect Curve incorporates by reference the above paragraphs as if fully set forth herein.

28.     Perfect Curve is the owner of the copyrights in the Cap Rack Instructions and the Cap Care Guide.

29.     The Cap Rack Instructions and the Cap Care Guide contain original material and are copyrightable subject matter.

30.     The copyrights in the Cap Rack Instructions and the Cap Care Guide are registered with the United States Copyright Office.

31.     Hat World, without right or license, has reproduced and distributed its own instruction manual and "Cap Care Guide," both of which infringe on Perfect Curve's copyrights.

32.     Hat World's acts were done knowingly and willfully.

33.     Hat World has been unjustly enriched by its copying, use, distribution, and reproduction of Perfect Curve's copyrighted material.

34.     Perfect Curve has sustained damages as a result of Hat World's unlawful acts in an amount to be determined at trial.  Perfect Curve is further entitled to recover from Hat World the gains, profits, and advantages that Hat World has obtained as a result of its wrongful acts as

described above pursuant to 17 U.S.C. § 504, and final injunctive relief pursuant to 17 U.S.C. § 502.

## COUNT III

(Trade Dress Infringement)

35. Perfect Curve incorporates by reference the above paragraphs as if fully set forth herein.

36. Perfect Curve has developed and continually used its protected trade dress in its Cap Rack and Head Case products in interstate commerce. The overall impressions of the Cap Rack packaging and the Head Case design and packaging have acquired a secondary meaning among consumers. The Head Case design possesses non-functional aesthetic elements that distinguish it from other cap carrying cases available to consumers. Hat World has infringed upon Perfect Curve's rights in its protected trade dress for the Cap Rack and Head Case, in violation of the Lanham Act, 15 U.S.C. § 1125.

37. Hat World's unauthorized use of the protected trade dress of Perfect Curve's Cap Rack and Head Case is likely to cause confusion or mistake, or to mislead consumers as to the affiliation, connection, or association between Hat World and Perfect Curve, or as to Perfect Curve's origin, source, sponsorship, or approval of Hat World's infringing products.

38. Hat World's unlawful acts have caused and continue to cause irreparable injury to the value and goodwill of Perfect Curve's trade dress, as well as its business, goodwill, and reputation.

39. Hat World's infringement has been deliberate, willful, and in disregard of Perfect Curve's rights.

40.     By reason of the foregoing, Perfect Curve has been and will continue to be irreparably harmed and damaged unless Hat World's conduct is enjoined by this Court, and Perfect Curve is entitled to an injunction against such acts pursuant to 15 U.S.C. § 1110

41.     Perfect Curve has suffered and continues to suffer damage as a result of the acts of Hat World in an amount to be determined at trial, and Hat World has been unjustly enriched by its acts.

42.     Pursuant to 15 U.S.C. § 1117, Perfect Curve is entitled to recover its damages and Hat World's profits as a result of its infringement, with appropriate interest and treble damages, as well as reasonable attorneys' fees and the costs of this action.

## COUNT IV

### (Trademark Infringement)

43.     Perfect Curve incorporates by reference the above paragraphs as if fully set forth herein.

44.     Perfect Curve enjoys common law trademark rights to the Cap Rack Trademarks. Perfect Curve has used the trademarks "Cap Rack9", "Cap Rack18", "Cap Rack24", and "Cap Rack36" in commerce since approximately 2001 to identify its products and to distinguish them from other products in the market. The Cap Rack trademarks are prominently displayed on the packaging of the products, as well as in marketing materials for these products, and these trademarks have acquired a secondary meaning with consumers.

45.     Hat World's use of the mark "Cap Collector15" for a product that is highly similar to Perfect Curve's Cap Rack products creates a high likelihood of consumer confusion.

46.     Hat World's unauthorized use of a mark substantially identical to Perfect Curve's Cap Rack trademarks constitutes infringement of Perfect Curve's common law trademark rights.

47.     Hat World's manufacture, distribution, and sale of products with an appearance substantially identical to that of Perfect Curve's products, as described above, is likely to cause consumer confusion as to the origin, affiliation, sponsorship, or other relationship between the parties' products.

48.     By reason of the foregoing, Perfect Curve has been and will continue to be irreparably harmed and damaged unless Hat World's conduct is enjoined by this Court.

49.     Perfect Curve has suffered and continues to suffer damage as a result of the acts of Hat World in an amount to be determined at trial, and Hat World has been unjustly enriched by its acts.  Perfect Curve is entitled to damages and permanent injunctive relief.

## COUNT V

### (False Designation of Origin)

50.     Perfect Curve incorporates by reference the above paragraphs as if fully set forth herein.

51.     Hat World's unauthorized use of the trade dress of Perfect Curve's Cap Rack and Head Case constitutes false designation of origin in violation of the Lanham Act, 15 U.S.C. § 1125.

52.     Hat World's manufacture, distribution, and sale of products with an appearance substantially identical to that of Perfect Curve's products, as described above, falsely indicates to the public that Hat World's goods originate with Perfect Curve or are affiliated or related to, or sponsored or approved by, Perfect Curve.

53.     Hat World's false designation of its products' origin has been deliberate, willful, and in disregard of Perfect Curve's rights.

11

54.     By reason of the foregoing, Perfect Curve has been and will continue to be irreparably harmed and damaged unless Hat World's conduct is enjoined by this Court.

55.     Perfect Curve has suffered and continues to suffer damages as a result of the acts of Hat World in an amount to be determined at trial, and Hat World has been unjustly enriched by its acts.

56.     Pursuant to 15 U.S.C. § 1117, Perfect Curve is entitled to recover its damages and Hat World's profits as a result of its infringement, with appropriate interest and treble damages, as well as reasonable attorneys' fees, and the costs of this action.

## COUNT VI

### (False Advertising)

57.     Perfect Curve incorporates by reference the above paragraphs as if fully set forth herein.

58.     Hat World's misleading packaging and/or configuration of its Cap Collector15 and "Lids Luggage" products constitutes false advertising in violation of the Lanham Act, 15 U.S.C. § 1125.

59.     By manufacturing, distributing, and selling products with packaging and appearance substantially identical to that of Perfect Curve's products, as described above, Hat World misleads consumers by creating a false association between Hat World and Perfect Curve's products.

60.     Hat World's false advertisement of its products has been deliberate, willful, and in disregard of Perfect Curve's rights.

61.     By reason of the foregoing, Perfect Curve has been and will continue to be irreparably harmed and damaged unless Hat World's conduct is enjoined by this Court.

62.     Perfect Curve has suffered and continues to suffer damages as a result of the acts of Hat World in an amount to be determined at trial, and Hat World has been unjustly enriched by its acts.

63.     Pursuant to 15 U.S.C. § 1117, Perfect Curve is entitled to recover its damages and Hat World's profits as a result of its infringement, with appropriate interest and treble damages, as well as reasonable attorneys' fees, and the costs of this action.

COUNT VII

(Unfair Competition, Lanham Act)

64.     Perfect Curve incorporates by reference the above paragraphs as if fully set forth herein.

65.     By the actions set forth above, Hat World has engaged in unfair competition prohibited under 15 U.S.C. § 1125(a).

66.     Hat World's unfair practices have been deliberate, willful, and in disregard of Perfect Curve's rights.

67.     By reason of the foregoing, Perfect Curve has been and will continue to be irreparably harmed and damaged unless Hat World's conduct is enjoined by this Court.

68.     Perfect Curve has suffered and continues to suffer damages as a result of the acts of Hat World in an amount to be determined at trial, and Hat World has been unjustly enriched by its acts.

69.     Pursuant to 15 U.S.C. § 1117, Perfect Curve is entitled to recover its damages and Hat World's profits as a result of its unfair competition, with appropriate interest and treble damages, as well as reasonable attorneys' fees, and the costs of this action.

## COUNT VIII

(Unjust Enrichment in Violation of Massachusetts Law)

70.     Perfect Curve incorporates by reference the above paragraphs as if fully set forth herein.

71.     Hat World's manufacture and sale of products with an appearance substantially identical to that of Perfect Curve's products, as described above, enables Hat World to trade on the goodwill that Perfect Curve has developed at considerable effort and expense over the past seventeen years.  By using Perfect Curve's trade dress without right or license, Hat World is unfairly profiting from Perfect Curve's reputation, to Perfect Curve's detriment.

72.     Hat World's unauthorized use of Perfect Curve's intellectual property unjustly enriches Hat World at Perfect Curve's expense.

73.     Perfect Curve is entitled to permanent injunctive relief, as well as damages in an amount to be determined at trial.

## COUNT IX

(Unfair Competition in Violation of Massachusetts Law)

74.     Perfect Curve incorporates by reference the above paragraphs as if fully set forth herein.

75.     By the actions set forth above, Hat World has engaged in unfair competition in violation of Massachusetts law.

76.     Hat World's unfair practices have been deliberate, willful, and in disregard of Perfect Curve's rights.

77.     By reason of the foregoing, Perfect Curve has been and will continue to be irreparably harmed and damaged unless Hat World's conduct is enjoined by this Court.

78.     Perfect Curve has suffered and continues to suffer damages as a result of the acts of Hat World in an amount to be determined at trial, and Hat World has been unjustly enriched by its acts.

79.     Perfect Curve is entitled to permanent injunctive relief and damages, together with appropriate interest on such damages, and the costs of this action.

## COUNT X

### (Violation of Mass. Gen. Laws c. 93A)

80.     Perfect Curve incorporates by reference the above paragraphs as if fully set forth herein.

81.     Through the acts described above, Hat World has committed unfair or deceptive acts or practices in violation of Mass. Gen. Laws c. 93A § 11.  These violations of Chapter 93A were willful or knowing.

82.     Hat World's unfair or deceptive acts or practices have caused Perfect Curve to suffer the loss of money or property in an amount to be determined at trial.

WHEREFORE, Plaintiff Perfect Curve requests the following relief:

1.     That this Court find and rule that Hat World has infringed Perfect Curve's patent, trade dress, and copyrighted materials;

2.     That this Court permanently enjoin Hat World and its officers, agents, servants, employees, representatives, successors, and assigns, and all others acting in active concert or participation with them, from continued infringement;

3.     That this Court award Perfect Curve its damages resulting from Hat World's infringement, including an accounting of all infringing sales and an award by the Court of any damages and an award of the amounts by which Hat World has been unjustly enriched;

4.     That this Court award plaintiff Perfect Curve increased damages due to Hat

World's willful infringement, and double or treble damages pursuant to G.L. c. 93A;

5.     That this Court award plaintiff Perfect Curve its costs in this action, together with

reasonable attorneys' fees and pre-judgment and post-judgment interest; and

6.     That this Court grant plaintiff Perfect Curve such other relief as is just and proper.

## Jury Demand

Perfect Curve demands trial by jury.

PERFECT CURVE, INC.,

By Its Attorneys,

/s/ Joseph D. Steinfield
Joseph D. Steinfield (BBO #478680)
Jeffrey J. Pyle (BBO #647438)
Asya Calixto (BBO #682238)
PRINCE LOBEL TYE LLP
100 Cambridge Street, Suite 2200
Boston, MA 02114
(617) 456-8000 (tel.)
(617) 456-8100 (fax)
jsteinfield@princelobel.com
jpyle@princelobel.com
acalixto@princelobel.com

Dated:  June 13, 2012