UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| PERFECT CURVE, INC., ) | |
| ) | |
| Plaintiff/Counterclaim Defendant, ) | Civil Action No. |
| ) | 12-11050-FDS |
| v. ) | |
| ) | |
| HAT WORLD, INC., ) | |
| ) | |
| Defendant/Counterclaim Plaintiff. ) | |

## MEMORANDUM AND ORDER ON MOTION FOR RECONSIDERATION

SAYLOR, J.

This is a patent dispute involving two competing products that allow retail stores and private collectors to store and display hats, particularly baseball caps. Plaintiff Perfect Curve, Inc. possesses a patent that covers its product. It seeks a judgment that another hat display product, manufactured and sold by defendant Hat World, Inc., infringes upon its patent. Hat World has asserted, among other things, non-infringement and invalidity of Perfect Curve's patent.

The parties' allegations hinge in part on the construction of the claims in Perfect Curve's U.S. Patent No. 6,223,910 (the "'910 patent"). The Court conducted a *Markman* hearing on the construction of the relevant claims on May 10, 2013, and issued its memorandum and order on claim construction on July 29, 2013. Plaintiff has moved for reconsideration of the Court's construction of the terms involving a "crown support." For the reasons set forth below, that motion will be granted in part and denied in part.

I.      **Analysis**

Plaintiff contends that the Court misunderstood the meaning of the term "crown," and that the Court's construction therefore excludes the preferred embodiment. The Court construed the claim terms as requiring that the crown support either "contact and support" (in the case of claim 1) or "receive and support" (in the case of claim 15) the "majority of a partially-folded crown of a cap."

Although the Court had understood the crown to be the uppermost portion of a cap, the parties agree that the crown of a cap is in fact the *entirety* of the fabric panels that extend from the top button down to the visor. Because the preferred embodiment does not contact or receive the majority of the partially-folded surface area of a crown, the Court's current claim interpretation does not cover that embodiment. As plaintiff makes clear, the Federal Circuit has repeatedly held that "a claim interpretation that excludes a preferred embodiment from the scope of the claim is rarely, if ever, correct." *See, e.g., Accent Packaging, Inc. v. Leggett & Platt, Inc.*, 707 F.3d 1318, 1326 (Fed. Cir. 2013).

Accordingly, the Court will modify its construction in order to take account of the corrected definition of the term "crown." The Court will interpret the term "a crown support having an upper surface shaped to support a crown of a partially folded cap over an area sufficiently broad to resist deformation of the shape of the cap under the influence of the weight of the cap" to mean "a surface shaped to support the crown of a partially-folded cap that has a width and depth that is sufficient to contact and support the majority of the upper crown of a partially folded-cap and to resist deformation of the shape of the cap." The Court will interpret the term "a crown support having an upper surface shaped and having a sufficient width and

depth to receive and support a partially-folded crown of a cap" to mean "a surface that is shaped to support the crown of a partially-folded cap, and that has a width and depth sufficient to receive and support the majority of the upper crown of a partially-folded cap." At a hearing held on September 4, 2013, plaintiff appeared to concede that this modification would bring the preferred embodiment within the scope of the Court's claim interpretation.

Plaintiff also asks the Court to reconsider its determination that the claims cover only a crown support that contacts, supports, or receives a *majority* of the relevant area. The Court will decline to do so. In support of that argument, plaintiff contends principally that the language is "equally consistent with an alternative definition." Even assuming that plaintiff is correct, the fact that the Court could have interpreted the term differently does not meet the strict requirements for justifying reconsideration.

Further, the Court remains convinced that its earlier interpretation is correct. The specification is "the single best guide to the meaning of a disputed term." *Phillips v. AWH Corp.*, 415 F.3d 1303, 1315 (Fed. Cir. 2005) (*en banc*). In the '910 patent, the specification indicates that "[t]he lateral width of the crown support and the extent to which it projects forwardly is selected to provide a firm, broad area of support for *the major portion* of the partially-folded cap sufficient to maintain the cap shape." U.S. Patent No. 6,223910 at 3:50-53 (filed May 1, 2001) (emphasis added). As stated in its earlier claim construction order, it is the opinion of this Court that "by referencing 'the' major portion of the cap, the specification implicitly sets up a comparison between the major portion of the cap—which is supported—and the (presumably) minor portion of the cap left unsupported." *Perfect Curve, Inc. v. Hat World, Inc.*, 2013 WL 3943527, at *13 (D. Mass. July 29, 2013). Although plaintiff's counsel has

suggested situations in which something could be referred to as "the major factor," or "the major reason" without necessarily representing a majority of the basis for a particular outcome or decision, these situations seem fundamentally distinguishable from one that refers to "the major portion." Indeed, the definition of "portion" belies such an interpretation, as it is defined primarily as "a share or allotted part." BLACK'S LAW DICTIONARY 1280 (9th ed. 2009). To describe something as "the major portion" or "the major share" of something else seems, by definition, to suggest that it represents a majority of the whole.

Accordingly, the Court will deny plaintiff's motion to more broadly reconsider its analysis of the terms involving a "crown support."

## II.  Conclusion

For the foregoing reasons, the Court reconsiders and amends its earlier order. The disputed claim terms are construed as follows:

1. the term "a crown support having an upper surface shaped to support a crown of a partially folded cap, the horizontal dimensions of the support being sufficient to contact and support the partially folded cap over an area sufficiently broad to resist deformation of the shape of the cap under the influence of the weight of the cap" means "a surface shaped to support the crown of a partially-folded cap that has a width and depth that is sufficient to contact and support the majority of the upper crown of a partially-folded cap and to resist deformation of the shape of the cap";

2. the term "a crown support having an upper surface shaped and having a sufficient width and depth to receive and support a partially-folded crown of a cap" means "a surface that is shaped to support the crown of a partially-folded cap, and that has a width and depth sufficient

to receive and support the majority of the upper crown of a partially-folded cap."

An amended claim construction memorandum and order will be filed with this order.

**So Ordered.**

/s/ F. Dennis Saylor
F. Dennis Saylor IV
United States District Judge

Dated:  September 6, 2013